Ewing, C. J.
The plaintiffs are mortgaged creditors of the deceased, George Chandler. After his death, they filed a bill in the Court of Chancery, and obtained a decree for the sale of the mortgaged premises. The sale did not raise sufficient money to satisfy the debt, and for the balance this action was instituted.
in August term 1824, a representation of the insolvency of *53 the estate was made to the Orphans’ Court of the county of Burlington, agreeably to the act concerning the estates of persons who die insolvent. Six months were given by the order of the Court to creditors, to bring in their claims and demands. Within that period, a number were exhibited under oath or affirmation, and in the manner directed by the act. The prescribed course of proceeding was pursued. And in August 1825, the Court decreed the estate to be insolvent, and the account of the administration being settled, directed a distribution among the creditors who had exhibited their demands. The plaintiffs did not exhibit any claim or demand against the estate, to the administrators, within the limited period, nor until the term of August 1825.
The present suit was commenced after the decree of the Court; and the question presented to our consideration by the parties is, whether the plaintiffs are entitled to a ratable proportion of the balance of the estate remaining in the bands of the defendants, with those creditors whose claims were rendered under oath or affirmation, limited within the time by the rule of the Orphans’ Court.
The provisions of the act of the legislature, Rev. Laws 766, seem in themselves and from irresistible consequences to resolve clearly and satisfactorily this question. A period of time is to be fixed by the Court, and the creditors are required within that tim •, to exhibit their claims and demands under oath to the executor or administrator. After the expiration of the time, he is to make report to the Court of the several claims and demands which have been so exhibited. And after the adjustment of the accounts, the proceeds of the personal and real estate, the preferr red debts and expenses being first paid, are to be distributed “ to the said several creditors.” It will be seen that these provisions not only contemplate a distribution among the creditors, who shall have exhibited their accounts in the manner prescribed, and within the time limited, but that the execution of the act, and the administration of the estate upon the system of equality, wisely intended, are otherwise wholly impracticable.
The legislature, have taken care not to leave this question to construction or inference, however clear the one, or irresistible the other. In the 11th section it is enacted, that “ if any creditor shall not exhibit his claim to the executor or administrator, as *54 aforesaid, within the time limited and prescribed by the said Cm rt, such creditor shall be forever barred from prosecuting or recovering his said demand, unless the estate shall prove sufficient, after all debts exhibited and allowed are fully satisfied, or such creditor shall find some other estate not inventoried or accounted for by the executor or administrator, before distribution, in which case such creditor shall receive his ratable proportion out of the same.
By this section the exhibition of the claim, “ as aforesaid” that is to say, under oath or affirmation, and within the time limited by the Court, is made a condition on which the title of the creditor to participate in the distribution is to depend; and without making such exhibition he is for ever barred, from prosecuting and recovering his demand, unless in one or other of the events, which are particularly mentioned. Neither the fact of the decree in Chancery, which had been made prior to the representation of insolvency, nor the knowledge of the existence of the debt of the plaintiffs, which may be fairly presumed fiom that decree, to which the administrators were parties, as defendants, can furnish any support for the claim of the plaintiffs to share in the distribution. The legislature have thought fit to prescribe a condition, and he who would avail himself of the advantages of the law, must fulfil it. Qui sentit commodum sentire debet et onus. The legislature have sought to guard the estate against unfounded demands, by an appeal to the conscience of the creditor. The suit in Chancery, neither directly nor indirectly answers this appeal.
The plaintiffs are not entitled to a ratable proportion with file creditors, who have fulfilled the conditions of the act $ and such being our opinion, judgment according to the agreement of the parties is “ to be rendered m favor of the plaintiffs, only for the ratable proportion of such other estate of the deceased, as the plaim'iffs shall discover, and as has not been inventoried and accounted for by the defendants.”